UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LEONARD RAY SMITH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>U.S. HOUSE OF )<br>REPRESENTATIVES, *et al.,* )<br>)<br>Defendants. ) | Civil Action No. 1:25-cv-02008 (UNA) |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of Plaintiff's *pro se* Complaint ("Compl."), ECF No. 1, and Application for Leave to Proceed *in forma pauperis*, ECF No. 2. The Court grants the *in forma pauperis* application and, for the reasons explained below, dismisses the case under 28 U.S.C. § 1915(e)(2)(B)(ii), by which the Court is required to dismiss a case "at any time" if it determines that the action is frivolous.

Relevant here, "[a] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint that lacks "an arguable basis either in law or in fact" is frivolous, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and a "complaint plainly abusive of the judicial process is properly typed malicious," *Crisafi v. Holland*, 655 F.2d 1305, 1309 (D.C. Cir. 1981).

Plaintiff, a resident of the District, sues the U.S. Congress and an individual referred to as "Leoraay GODSON," for whom he does not provide any contact information, *see* Compl. at 1–3, in contravention of D.C. Local Civil Rule 5.1(c)(1). The Complaint is spare and difficult to discern. Plaintiff cryptically alleges only that he has "no access to the account to utilize as chosen,"

and that he was "promised that [he] would receive new I.D. credentials through [the] U.S. State Department" when he purportedly "accepted a contract to conquer corrupt Black Satan." *See id*. at 4.  He demands $250 billion as the "contractual amount presented." *See id*.

Plaintiff's allegations are frivolous, and the Court cannot exercise subject matter jurisdiction over a frivolous complaint.  *Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("Over the years, this Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'") (quoting *Newburyport Water Co. v. Newburyport*, 193 U.S. 561, 579 (1904)); *Tooley v. Napolitano*, 586 F.3d 1006, 1010 (D.C. Cir. 2009) (examining cases dismissed "for patent insubstantiality," including where the plaintiff allegedly "was subjected to a campaign of surveillance and harassment deriving from uncertain origins.").  So, a court is obligated to dismiss a complaint as frivolous "when the facts alleged rise to the level of the irrational or the wholly incredible," *Denton v. Hernandez*, 504 U.S. 25, 33 (1992), or "postulat[e] events and circumstances of a wholly fanciful kind," *Crisafi*, 655 F.2d at 1307–08.  Plaintiff's allegations are sufficiently fanciful to warrant dismissal under this standard.

For all of these reasons, this matter is dismissed without prejudice.  An Order consistent with this Memorandum Opinion is issued separately.

Date:   August 26, 2025                         _____/s/_____
                                                JIA M. COBB
                                                United States District Judge